The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| TIMOTHY W. SAUNDERS AND WENDY M. SAUNDERS, | CASE NO. 09-64504 |
| | JUDGE RUSS KENDIG |
| Debtors. | |
| | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

On February 22, 2010, Debtors filed a motion to avoid a judicial lien held by Alliance Medical Associates, Inc. Debtors relied on 11 U.S.C. § 522(f) to avoid the lien, arguing it impaired their homestead exemption. No objections were filed; there is no dispute on the factual allegations of the motion. An order granting the motion was inadvertently entered on May 11, 2010.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(k). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

There is no basis in the bankruptcy code or rules for imposing the relief sought by Debtors. Although the Court is not sanctioning a creditor to be slow to act in releasing an avoided lien, this requirement is superfluous and an invitation for future disputes. In a case where a state statute, or similar controlling law, governs the lien release, the Court does not want to enter an order requiring contrary action. As one court noted, to the extent a provision restates the law accurately, it is unnecessary; to the extent it is an erroneous misstatement, it is improper. *See, e.g.,* In re Maupin, 384 B.R. 421 (W.D. Va. 2007); *see also* In re Solitro, 382 B.R. 150 (Bankr. D. Mass. 2008).

As a result, the Court refuses to require the release to be accomplished in a certain time period. In the event that a creditor unnecessarily delays the release, Debtors can pursue actions to enforce their rights to the release. The previous order, entered inadvertently on May 11, 2010, will be revoked. The motion to avoid the lien will be granted as set forth in this decision.

An order shall be entered contemporaneously with this decision.

# # #

**Service List**:

Deborah M Marinelli
Deborah M. Marinelli & Associates, LLC
4450 Belden Village Street NW
Suite 200
Canton, OH 44718

Timothy W. Saunders
Wendy M. Saunders
456 W. Oxford Street
Alliance, OH 44601